# Exercising the Pocket Veto

When the President wishes to disapprove a bill, and Congress's adjournment has prevented the President's return of the bill, the safer course for the President to exercise his power of disapproval is through a pocket veto, instead of endorsing the bill with the word "disapproved" and the President's signature.

June 26, 1934

MEMORANDUM OPINION FOR THE EXECUTIVE CLERK
WHITE HOUSE*

The view appears to be correct that the President's powers and duties in respect of the approval or disapproval of bills presented to him by the Congress are to be exercised strictly, since he is acting in this behalf as a part of the law making power, and the method of exercise is fixed by the Constitution itself, the immediately pertinent provision being: "If he approve he shall sign it, but if not he shall return it, with his Objections to that House in which it shall have originated . . . . If any Bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its Return, in which Case it shall not be a Law." U.S. Const. art. I, § 7.

"The only duty required of the President by the Constitution in regard to a bill which he approves is, that he shall sign it. Nothing more. The simple signing his name at the appropriate place is the one act which the Constitution requires of him as the evidence of his approval, and upon his performance of this act the bill becomes a law. . . . Even in the event of his approving the bill, it is not required that he shall write on the bill the word approved, nor that he shall date it." *Gardner v. The Collector*, 73 U.S. (6 Wall.) 499, 506 (1867). *Compare also* 59 C.J. *Statutes* §§ 112–113 (1932).

"When exercising these powers [of governor] he is a special agent with limited powers, and, as in the case of other special agents, he can act only in the specified mode, and can exercise only the granted powers. If he attempts to exercise them in a different mode, or to exercise powers not given, his act will be wholly ineffectual and void for any and every purpose. When he goes beyond the limits of these powers in the attempt to exercise them, his acts, so far as they transcend the powers, are of no force." *Lukens v. Nye*, 105 P. 593, 594 (Cal. 1909).

---

* Editor's Note: The Unpublished Opinions of the Assistant Solicitor General contain a footnote here cross-referencing the letter on the previous page (*Whether a Three-Day Recess by One Chamber of Congress Constitutes an Adjournment for Purposes of the Pocket Veto Clause*, 1 Op. O.L.C. Supp. 25 (Mar. 16, 1934)). That letter expresses doubt about whether a three-day recess by the Senate, while the House remains in session, can be considered an "Adjournment" that "prevent[s] [the] Return" of a bill under Article I, Section 7 of the Constitution.

The foregoing, it may be observed, relates to the method of approval of a bill, while your question relates to disapproval and arises upon endorsement on the bill of the word "disapproved," followed by the President's signature. I agree with you that such endorsement and signature are unnecessary, when disapproval is to be given, but I also think they may be regarded as surplusage, provided the President shall pocket veto the bill in the usual manner, and this is the safer course to pursue. It may be said that since the method of approval is strictly prescribed, the method of disapproval is equally so and should be observed.

ANGUS D. MACLEAN
*Assistant Solicitor General*